UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-09397-CAS(KSx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | RICHARD B. SARAFIAN v. WRIGHT MEDICAL TECHNOLOGY, INC., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**    (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 27, filed February 8, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of April 4, 2016, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On January 25, 2016, plaintiff Richard B. Sarafian filed the operative First Amended Complaint ("FAC") in this action against defendants Wright Medical Technology, Inc. ("WMT"), Wright Medical Group, Inc. ("WMG"), Microport Orthopedics, Inc., and Does 1 through 10 (collectively, "defendants"). Dkt. 20. The FAC asserts claims against defendants for: (1) Strict Products Liability—Manufacturing Defect; (2) Strict Products Liability—Failure to Warn; (3) Negligence; (4) Negligence—Failure to Recall/Retrofit; (5) Fraudulent Misrepresentation; (6) Fraudulent Concealment; and (7) Negligent Misrepresentation. Id. In brief, plaintiff alleges that he received an artificial hip device manufactured by defendants and that this device subsequently fractured causing him serious injury.

On February 8, 2016, defendant WMG filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Dkt. 26. On March 14, 2016, plaintiff filed an opposition, Dkt. 43, and on March 21, 2016, defendant filed a reply, Dkt. 46.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-09397-CAS(KSx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | RICHARD B. SARAFIAN v. WRIGHT MEDICAL TECHNOLOGY, INC., et al. | | |

## II.   BACKGROUND

The FAC alleges the following facts: Defendants are engaged in the business of manufacturing, marketing, and distributing prosthetic orthopedic products, including the Wright Medical PROFEMUR Total Hip System. FAC ¶ 9. Defendants WMG and WMT are both incorporated in Delaware with their principal place of business in Memphis, Tennessee. Id. ¶¶ 4-5. WMT is a wholly owned subsidiary of WMG. Id. ¶ 6.

On August 10, 2012, plaintiff underwent a total hip replacement at Cedars–Sinai Medical Center in Los Angeles. Id. ¶ 63. During this surgery, surgeons replaced plaintiff's hip with the Profemur "VV Long Neck" model artificial hip ("the device"). Id. On October 9, 2015, the device suffered a catastrophic failure when its femoral neck broke into two pieces. Id. ¶ 66. Plaintiff, facing a medical emergency, was transported back to Cedars–Sinai, where the device was surgically removed on October 11, 2015. Id. ¶¶ 68-69.

Plaintiff contends that defendants were aware of the risk of failure of the modular necks and failed to notify surgeons or patients. Id. ¶ 1. Plaintiff also alleges that defendants failed to include information in the instructions for the Profemur products regarding risk factors, such as obesity, heavy lifting, and impact sports, which may increase the likelihood of a failure in the device. Id. ¶¶ 45-47. And plaintiff alleges that defendants specifically marketed their hip device to patients who are overweight and engage in physical activity, notwithstanding evidence that these types of patients may be prone to a device failure. Id. ¶ 55. Accordingly, on December 4, 2015, plaintiff filed the instant action asserting, *inter alia*, claims for products liability and fraud.

## III.   LEGAL STANDARD

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D.

Case 2:15-cv-09397-CAS-KS   Document 54   Filed 04/01/16   Page 3 of 11   Page ID #:398

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-09397-CAS(KSx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | RICHARD B. SARAFIAN v. WRIGHT MEDICAL TECHNOLOGY, INC., et al. | | |

Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir.1977)).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154-55 (citing Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996). California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state and federal law are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09397-CAS(KSx) | Date | April 1, 2016 |
| Title | RICHARD B. SARAFIAN v. WRIGHT MEDICAL TECHNOLOGY, INC., et al. | | |

corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and must do so to establish specific jurisdiction. Schwarzenegger, 374 F.3d at 802.

If the plaintiff establishes the first two prongs, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the "extent of the defendant's purposeful injection into the forum"; (2) the burdens on defendant from litigating in the forum state; (3) the "extent of conflict with the sovereignty of the defendant's state," (4) the forum state's "interest in adjudicating the dispute"; (5) the "most efficient judicial resolution of the controversy"; (6) the "importance of the forum to the plaintiff's interest in convenient and effective relief"; and (7) the existence of an alternative forum. Ziegler v. Indian River County, 64 F.3d 470, 475 (9th Cir. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-09397-CAS(KSx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | RICHARD B. SARAFIAN v. WRIGHT MEDICAL TECHNOLOGY, INC., et al. | | |

## IV. ANALYSIS

Defendant WMG moves to dismiss the FAC for lack of personal jurisdiction. As an initial matter, the Court notes that it need only address whether specific personal jurisdiction is appropriate over WMG. WMG is a Delaware corporation with its principal place of business in Memphis, Tennessee. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2854-55 (2011) (Noting that the "paradigm" forum for general jurisdiction over a corporation is the forum where the corporation is incorporated or where its principal place of business is located.). And plaintiff concedes that general jurisdiction is not appropriate over WMG. See Opp'n., at 2 n.1 ("Plaintiff does not contend that this Court has general personal jurisdiction over WMG."). Accordingly, the Court's analysis will focus on specific personal jurisdiction.

### A. WMG Lacks Minimum Contacts With California

"Under specific jurisdiction, a court may assert jurisdiction for a cause of action that arises out of the defendant's forum-related activities." Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). Here, all of plaintiff's claims arise out of defendants' alleged misconduct in producing and selling the Profemur hip devices. In the FAC, plaintiff appears to contend that both defendants WMT and WMG were equally involved in the marketing, manufacturing, and distribution of the Profemur hip devices. Plaintiff refers, throughout the FAC, to WMT and WMG collectively as "Wright" and largely draws no distinction between the two defendants. See generally FAC. However, WMG declares that the two defendants are, in fact, separate corporate entities and maintain separate accounting and banking records. Dkt. 28, Reeves Decl. ¶¶ 13-14. Most significantly, WMG states that, unlike WMT, WMG has no contacts with California. Id. ¶¶ 15-18.

WMG explains that it is merely a holding entity for a number of worldwide corporations, including Wright Medical Europe, Wright Medical Australia, and WMT. Dec. of Amy Reeves ¶¶ 6-7. WMG declares that it "is not registered to do business in California, does not transact business in California, maintains no office or place of business in California, owns no real property in California, and has no clients or employees in California." Id. ¶ 15. WMG further declares that it does not "advertise, market, or offer services for sale in California," id. ¶ 16, and denies that it manufactures,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-09397-CAS(KSx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | RICHARD B. SARAFIAN v. WRIGHT MEDICAL TECHNOLOGY, INC., et al. | | |

sells, or provides warnings for the Profemur hip devices, including the device at issue in plaintiff's complaint, id. ¶¶ 17-18. Instead, WMG contends that it is WMT which functions as WMG's "operating entity . . . within the United States." Id. ¶ 6. Accordingly, it appears that, if anything, WMT—and not WMG—is responsible for the conduct which gives rise to plaintiff's claims in this action. As such, other than being the parent and holding company of WMT, it does not appear that WMG has *any* contacts with California. This is insufficient to establish personal jurisdiction over WMG.

     Nonetheless, plaintiff argues that there are at least three documents demonstrating that WMG has engaged in specific acts aimed at California. The Court addresses each of these documents in turn. First, plaintiff identifies WMG's 2012 annual report to the Securities and Exchange Commission (Form 10–K). Dkt. 43, Young Decl., Ex. A (SEC Form). This report was submitted in the name of "Wright Medical Group, Inc." Id. at 1. Plaintiff asserts that, in this document, WMG has admitted to making sales of hip replacement devices itself. Opp'n at 3. Indeed, the annual report refers to WMG's orthopedic business in the first person. See, e.g., SEC Form, at 2 ("For the year ended December 31, 2012, *we* had net sales of $484 million") (emphasis added); Id. at 3 ("*We* offer a comprehensive line of products for hip joint reconstruction.") (emphasis added); Id. at 4 ("*Our* sales and marketing efforts are focused primarily on orthopaedic and podiatric surgeons . . . .") (emphasis added). However, setting aside the fact that none of these statements refers to California, plaintiff neglects to highlight WMG's statement, in the first line of its annual report, that all of these activities are undertaken "through Wright Medical Technology, Inc. (WMT) and other operating subsidiaries." Id. at 2.

     As WMG explains, the law requires holding and parent companies, such as WMG, to consolidate information in their financial reports regarding subsidiaries in which they hold a majority stake. See, e.g., Calvert v. Huckins, 875 F. Supp. 674, 679-80 (E.D. Cal. 1995) ("[C]onsolidating the activities of a subsidiary into the parent's annual reports is a common business practice. It is allowed by both the Internal Revenue Service and the Securities and Exchange Commission, and it is recommended by generally accepted accounting principles.") (citing Lowell Staats Min. Co. v. Pioneer Uravan, Inc., 878 F.2d 1259, 1264 (10th Cir.1989); Volkswagenwerk Aktiengesellschaft v. Beech Aircraft, 751 F.2d 117, 121 n. 3 (2d Cir.1984)). Accordingly, courts regularly refuse to consider information in such consolidated reports as evidence of contacts with a forum state. See, e.g., Doe v. Unocal Corp., 248 F.3d 915, 929 (9th Cir. 2001) (refusing to consider facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-09397-CAS(KSx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | RICHARD B. SARAFIAN v. WRIGHT MEDICAL TECHNOLOGY, INC., et al. | | |

from parent company's annual reports because "consolidating the activities of a subsidiary into the parent's reports is a common business practice."); Bellomo v. Penn. Life Co., 488 F. Supp. 744, 745 (S.D.N.Y. 1980) (holding fact that "annual reports describe the business of the parent, subsidiaries and sub-subsidiaries as if they were all part of a common enterprise" did not permit parent and subsidiary to be treated as the same entity for jurisdictional purposes). Thus, the SEC filing plaintiff has identified does not, in and of itself, demonstrate that WMG conducts any business in California.

Next, plaintiff presents a brochure advertising the Profemur hip device, featuring an endorsement by the apparently-active former tennis star Jimmy Connors. Young Decl., Ex. B (Device Brochure). Printed on the brochure is plaintiff's doctor's name and address in Beverly Hills, California. Id. at 1. Plaintiff argues that this is evidence of WMG's marketing efforts within California. Opp'n at 3-4. However, the brochure's text identifies the Profemur's manufacturer solely as "Wright," and nowhere in the brochure is WMG mentioned specifically. See generally, Device Brochure. In fact, the contact information for interested customers is directed to WMT, not WMG. Id. at 16. Thus, this brochure is entirely consistent with WMG's argument that it is WMT, and not WMG, that is responsible for marketing the Profemur hip devices in California.

Finally, plaintiff presents a press release WMG issued to its investors on March 14, 2006. Young Decl., Ex. C (Press Release). The article, headlined "Wright Medical Group, Inc., Teams Up With Jimmy Connors for Dynamic Patient Education Outreach Program," announces the marketing campaign which includes the above-mentioned brochure. Id. at 1. Similar to the SEC Filing discussed above, this press release refers generally to WMG as "a global orthopaedic medical device company" and appears to collectively describe the activities of WMG and its various subsidiaries. See, e.g., id. (describing how Connors was implanted with "*Wright's* . . . PROFEMUR Z modular neck stem" in Los Angeles.) (emphasis added). However, like corporate reporting documents, courts have held that "collective references in press releases do not establish in personam jurisdiction." Moody v. Charming Shoppes of Delaware, Inc., 2008 WL 2128955, at *4 (N.D. Cal. May 20, 2008); cf. F. Hoffman- La Roche, Inc. v. Superior Court, 130 Cal. App. 4th 782, 801 (Cal. Ct. App. 2005) ("The evidence here of joint reporting or collective media releases did not go beyond th[e] normal incidence of ownership that is contemplated within the parent/subsidiary context. Accordingly, this evidence does not subject the Swiss defendants to the exercise of jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-09397-CAS(KSx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | RICHARD B. SARAFIAN v. WRIGHT MEDICAL TECHNOLOGY, INC., et al. | | |

Accordingly, none of these documents is evidence that WMG has any contacts in California. Plaintiff has, therefore, failed to meet his burden of demonstrating that defendant WMG has the requisite minimum contacts with California to permit the exercise of specific personal jurisdiction.

### B. WMG is not Subject to Personal Jurisdiction under an Alter Ego or Agency Theory

In his opposition, plaintiff does not argue that the California contacts of WMT should be imputed to WMG for purposes of jurisdiction. Nonetheless, the Court briefly addresses whether WMG could be subject to jurisdiction in California, based on WMT's contacts, under either an alter ego or agency theory.

As a general matter, courts are reluctant to attribute a subsidiary's contacts to its parent. See Barantsevich v. VTB Bank, 945 F. Supp. 2d 972, 984 (C.D. Cal. 2013) ("In determining whether personal jurisdiction over a parent company exists due to its subsidiary's contacts, there is 'a general presumption in favor of respecting the corporate entity.'") (citing Calvert, 875 F. Supp. at 678 ("Disregarding the corporate entity is recognized as an extreme remedy")). Nonetheless, courts have recognized two exceptions to the general rule that a subsidiary's contacts should not be imputed to its parent: first, "if the parent and subsidiary are not really separate entities," but rather "alter egos" of one another; and second, if "one acts as the agent of the other." Unocal, 248 F.3d at 926.

To satisfy the alter ego exception, "a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." Ranza, 793 F.3d at 1073. A plaintiff may establish the first prong of this test with "a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." Id. But, the plaintiff's burden on this point is high; even a showing that the parent is "involved directly in decision-making" with the subsidiary is insufficient. Unocal, 248 F.3d at 927-23 (finding no unity of interest where a parent company was involved in forming the subsidiary's business plan, provided loans to the subsidiary, and shared some managers and officers with the subsidiary); see also Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:15-cv-09397-CAS(KSx) | Date | April 1, 2016 |
|---|---|---|---|
| Title | RICHARD B. SARAFIAN v. WRIGHT MEDICAL TECHNOLOGY, INC., et al. | | |

328 F.3d 1122, at 1135 (9th Cir. 2003) ("Such activity might well be properly characterized as . . . control over day-to-day activities. Standing by itself, however, it is not enough to meet the alter ego or agency tests.").

Here, the FAC merely states that "[a]t all times relevant herein, each of the named Defendants were the . . . alter egos of the other." FAC ¶ 10. But such conclusory statements are insufficient; a plaintiff must plead *facts* to meet its prima facie burden. See also Kingsburg Apple Packers, Inc. v. Ballantine Produce, 2010 WL 2817056, at *5 (E.D. Cal. 2010) ("[Plaintiff-intervenor's] allegations are insufficient to plead an alter ego relationship because they are conclusory and merely recite the factors that a court considers in evaluating alter ego claims.") (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Moreover, while plaintiff does allege that WMT is the "wholly owned subsidiary" of WMG, FAC ¶ 6, "[t]otal ownership . . . [is] alone insufficient to establish the requisite level of control." Ranza, 793 F.3d at 1073. (citing Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1135 (9th Cir. 2003)). For its part, WMG declares that it and WMT are, in fact, separate corporate entities and maintain separate accounting and banking records. Dkt. 28, Reeves Decl. ¶¶ 13-14. Accordingly, the Court finds that, at least at present, plaintiff has failed to set forth facts demonstrating that either WMT or WMG is the alter ego of one another.

Similarly, "[t]he agency test is satisfied by a showing that the subsidiary functions as the parent corporation's representative." Unocal, 248 F.3d at 928. A subsidiary acts as the "representative" of its parent corporation where it performs services that, but for the existence of the subsidiary, the parent company would have to undertake itself. See Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1405 (9th Cir. 1994) ("[C]ourts have permitted the imputation of contacts where the subsidiary was either established for, or is engaged in, activities that, but for the existence of the subsidiary, the parent would have to undertake itself.") (citations omitted).

However, in Doe v. Unocal, the Ninth Circuit drew a distinction where the parent corporation merely acts as the holding company for the subsidiary. Relying on the decision in Gallagher v. Mazda Motor of America, Inc., 781 F. Supp. 1079 (E.D. Pa.1992), the Ninth Circuit explained:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09397-CAS(KSx) | Date | April 1, 2016 |
| Title | RICHARD B. SARAFIAN v. WRIGHT MEDICAL TECHNOLOGY, INC., et al. | | |

> The Gallagher court distinguished an agency relationship between a parent and its subsidiary from that of a holding company and its subsidiary, explaining that in the case of a holding company the parent could simply hold another type of subsidiary, in which case imputing the subsidiaries' jurisdictional contacts to the parent would be improper.

Unocal, 248 F.3d at 929 (citations omitted). Then, quoting the decision in Bellomo v. Pennsylvania Life Co., 488 F. Supp. 744 (S.D.N.Y. 1980), the Ninth Circuit stated:

> [w]here a holding company is nothing more than an investment mechanism [, i.e.,] a device for diversifying risk through corporate acquisitions[,] the subsidiaries conduct business not as its agents but as its investments. The business of the parent is the business of investment, and that business is carried out entirely at the parent level.

Id.; see also Arch v. American Tobacco Co., Inc., 984 F. Supp. 830, 840 (E.D. Pa. 1997) (holding subsidiary involved in manufacturing, marketing, selling and distributing cigarettes was not parent company's agent under Gallagher test because the parent holding company could simply have held another type of subsidiary).

      Here, WMG merely acts as the holding company for WMT. WMG declares that its "primary purpose is to hold all convertible debt associated with the consolidated global operations of the operating subsidiaries for which it acts as a parent and . . . to hold all publicly traded capital stock associated with the same consolidated global operations." Dkt. 28, Reeves Decl. ¶ 10. Thus, even though WMT acts as the "operating entity" of WMT, it does so "not as [WMG's] agent[ ] but as its investment[ ]." Unocal, 248 F.3d at 929 (citing Bellomo, 488 F. Supp. at 746). Accordingly, plaintiff has failed to demonstrate that WMG is the agent of WMG for jurisdictional purposes.

      Finally, the Court notes that another court in this district, addressing facts strikingly similar to this case, recently found that jurisdiction was not proper in California over WMG under either an alter ego or agency theory. In that case, Sukonik v. Wright Medical Technology, Inc., Case No. 2:14-cv-08278-BRO-MRW, Dkt. No. 10. (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09397-CAS(KSx) | Date | April 1, 2016 |
| Title | RICHARD B. SARAFIAN v. WRIGHT MEDICAL TECHNOLOGY, INC., et al. | | |

Jan. 26, 2015), the plaintiff received a Profemur hip device. The device subsequently fractured and the plaintiff brought suit alleging claims for products liability and fraud against defendants WMG and WMT. Id. WMG then moved to dismiss for lack of personal jurisdiction. Id. at 4-5. In granting WMG's motion, the court assessed whether WMG could be subject to jurisdiction in California, under either an alter ego or agency theory, based on the California contacts of WMT. Id. at 10-12. The court determined first that, because there is "no evidence that WMG and WMT have disregarded corporate formalities, that WMG dictates every facet of WMT's business, or that WMT is inadequately capitalized" the alter ego exception did not apply. Id. at 11 (internal quotations omitted). Second, the court found that, in light of "evidence that [WMG] is a holding company with no employees, and that it conducts no business in California . . . there is no basis to conclude that WMT functions as WMG's agent." Id. at 12. This case is factually indistinguishable from Sukonik.

Accordingly, based on the record before it the Court finds that personal jurisdiction is not appropriate over WMG under either an alter ego or agency theory.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITHOUT PREJUDICE** WMG's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff shall have **thirty (30) days** to file an amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal of defendant WMG from this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |