UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-09397-CAS (KSx)** | Date | January 9, 2017 |
|---|---|---|---|
| | CV 15-07102-CAS (KSx) | | |
| Title | RICHARD B. SARAFIAN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |
| | KRISTIN BIORN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Ingrid Valdes | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Helen Zukin | Christopher Yeh |
| D. Bryan Garcia | Dana Ash |

| **Proceedings:** | PLAINTIFF'S MOTION TO CONSOLIDATE CASES (Filed December 12, 2016, Case No. 2:15-cv-09397-CAS, Dkt. 85) |
|---|---|
| | PLAINTIFF'S MOTION TO CONSOLIDATE CASES (Filed December 12, 2016, Case No. 2:15-cv-07102-CAS, Dkt. 87) |

## I.    INTRODUCTION

On September 9, 2015, plaintiff Kristin Biorn filed a complaint against defendants Wright Medical Technology, Inc. ("WMT") and Wright Medical Group, Inc. ("WMG"). Case No. 2:15-cv-07102-CAS ("the Biorn Action"), Dkt. 1. Biorn's initial complaint asserted eights claims against defendants: (1) strict products liability—manufacturing defect, (2) strict products liability—failure to warn, (3) negligence, (4) negligence—failure to recall/retrofit, (5) breach of implied warranty, (6) fraudulent misrepresentation, (7) fraudulent concealment, and (8) negligent misrepresentation. Id.

On October 21, 2015, pursuant to the stipulation of the parties, the Court dismissed defendant WMG and Biorn's claim for breach of implied warranty without prejudice. Biorn Action, dkt. 17. On July 7, 2016, the Court granted Biorn leave to file a First Amended Complaint ("Biorn FAC") naming MicroPort Orthopedics, Inc. ("MicroPort") as an additional defendant. See Biorn Action, dkt. 59.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

"O"

## CIVIL MINUTES - GENERAL

| Case No. | **CV 15-09397-CAS (KSx)** | Date | January 9, 2017 |
|---|---|---|---|
| | CV 15-07102-CAS (KSx) | | |
| Title | RICHARD B. SARAFIAN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |
| | KRISTIN BIORN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

On December 4, 2015, Richard Sarafian filed a complaint against WMT and WMG. Case No. 2:15-cv-09397-CAS ("the Sarafian Action"), dkt. 1. On January 25, 2016, Sarafian filed the operative First Amended Complaint ("Sarafian FAC") against WMT, WMG, and MicroPort. Sarafian Action, Dkt. 20. The FAC asserts claims against defendants for: (1) strict products liability—manufacturing defect; (2) strict products liability—failure to warn; (3) negligence; (4) negligence—failure to recall/retrofit; (5) fraudulent misrepresentation; (6) fraudulent concealment; and (7) negligent misrepresentation. Id. On April 1, 2016, the Court granted WMG's motion to dismiss the FAC for lack of personal jurisdiction over WMG. Sarafian Action, dkt. 54.

The operative FAC in each action now asserts the same seven claims against the same two defendants, WMT and MicroPort. On December 2, 2016, Biorn and Sarafian filed the above-captioned motions to consolidate. On December 19, 2016, WMT filed an opposition to both motions, in which MicroPort joined. On January 4, 2016, Biorn and Sarafian filed replies.[1]

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

On May 20, 2015, the parties all stipulated to the coordination and sharing of discovery in these two actions, agreeing that coordination "will promote efficiency, conserve resources, avoid needless duplication in the production of discovery and deposition of witnesses, to the extent any such discovery or witnesses are common to both actions, and expedite the flow of discovery material." Biorn dkt. 51; Sarafian dkt.

---

[1] Plaintiffs' counsel acknowledges that both replies were untimely. According to plaintiffs' counsel, he notified defendants of his intention to file an untimely reply. Defense counsel responded by saying that defendants had no position in regard to plaintiff's request to file an untimely reply. In light of the foregoing, the Court will consider the arguments presented in the reply filed by plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-09397-CAS (KSx)** | Date | January 9, 2017 |
|---|---|---|---|
|  | CV 15-07102-CAS (KSx) |  |  |
| Title | RICHARD B. SARAFIAN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. |  |  |
|  | KRISTIN BIORN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. |  |  |

68. Sarafian and Biorn are represented by the same counsel. Their FACs are also substantially similar. Sarafian and Biorn allege the following facts in their respective suits.

Defendants are engaged in the business of manufacturing, marketing, and distributing prosthetic orthopedic products, including the Wright Medical Profemur Total Hip System. Biorn and Sarafian both underwent total hip replacement surgery at Cedars-Sinai Medical Center of Los Angeles, California. Dr. Jason Snibbe performed the surgeries upon both plaintiffs to implant the same modular prosthetic hip, a Profemur "VV" Long neck, model PHAC-1254, made from cobalt alloy ("the Device"). The Device was designed, manufactured, and distributed by defendants. Both plaintiffs allege that the Device suddenly and catastrophically failed after being implanted.

The Device is an artificial hip system that consists of two components: a modular neck and a femoral stem. Defendants began manufacturing and selling the Device after December 13, 2000, when defendants received permission from the United States Food and Drug Administration ("FDA") to distribute the Device within the United States. The device the FDA approved contains a modular neck that was designed and had previously been distributed in Europe by a company called Cremascoli.

The plaintiffs further allege that defendants made "representations, statements, claims, and guarantees about its Profemur modular necks" in "various marketing and promotional material published and distributed by [defendants] from approximately [2002 to 2005]." Specifically, plaintiff alleges that WMT made the following representations:

> The modular neck used with the Profemur Hip has been employed by Wright Cremascoli for over 15 years. The necks were designed in 1985 and have been successfully implanted in over 50,000 patients requiring both primary and revisionship procedures. The necks are used in other Wright Cremascoli hip systems besides the Profemur Hip. <u>None of the necks has experienced a clinical failure since their inception.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-09397-CAS (KSx)** | Date | January 9, 2017 |
|---|---|---|---|
| | CV 15-07102-CAS (KSx) | | |
| Title | RICHARD B. SARAFIAN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |
| | KRISTIN BIORN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

and,

The modular neck system, designed by Cremascoli in 1985 (U.S. Patent #4,957,510), has now been successfully implanted in over 50,000 patients requiring both primary and revision hip arthroplasty. Extensive laboratory tests have proven that the coupling between the modular neck and femoral implant guarantees:

• Structural reliability
• Absence of significant micromovement
• Absence of fretting corrosion

Sarafian FAC ¶ 22 (emphasis in FAC); Biorn FAC ¶ 19 (same).

Plaintiffs contend that defendants were aware of the risk of failure of the modular necks and failed to notify surgeons or patients. Plaintiffs also allege that defendants failed to include information in the instructions for the Profemur products regarding risk factors, such as obesity, heavy lifting, and impact sports, which may increase the likelihood of a failure in the device. Plaintiffs further allege that defendants specifically marketed their hip device to patients who are overweight and engage in physical activity, notwithstanding evidence that these types of patients may be prone to a device failure. The plaintiffs allege that the Device was not merchantable and was designed in such a way as to render it unreasonably dangerous.

On or about August 20, 2012, Sarafian had total left hip arthroplasty, at which time Snibbe implanted the Device. On or about October 9, 2015, the femoral neck of the Device in Sarafian's hip suddenly broke into two pieces while Sarafian was performing the "normal and expected activity of daily living." Sarafian FAC ¶ 67. Sarafian was taken by ambulance to Cedars-Sinai Medical Center. On October 11, 2015, the Device was surgically removed by Snibbe in a surgical procedure known as "revision." Id. ¶ 69.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-09397-CAS (KSx)** | Date | January 9, 2017 |
|---|---|---|---|
| | CV 15-07102-CAS (KSx) | | |
| Title | RICHARD B. SARAFIAN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |
| | KRISTIN BIORN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

On or about August 20, 2013, Biorn had total left hip arthroplasty, at which time Snibbe implanted the Device. On or about April 5, 2015, the femoral neck of the Device in Biorn's hip suddenly broke into two pieces while Biorn was performing the "normal and expected activity of daily living." Biorn FAC ¶ 64. Biorn was taken by ambulance to Cedars-Sinai Medical center. On April 6, 2015, Snibbe performed a revision, surgically removing the Device from Biorn's leg. Id. ¶ 66.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact. Consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989). "In determining whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." Ferguson Corinthian Colleges Inc., No. 11-cv-0127-DOC, 2011 WL 1519352, at *2 (C.D. Cal. Apr. 15, 2011) (quotation marks omitted); see also Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984) ("The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause). "[T]ypically, consolidation is favored." Ho Keung Tse v. Apple, Inc., No. 12-cv02653-SBA, 2013 WL 451639, at *3 (N.D. Cal. Feb. 5, 2013).

## IV. DISCUSSION

Plaintiffs seek to consolidate both actions for all purposes, including trial and all remaining deadlines. Plaintiffs argue that common questions of law and fact predominate over distinguishing facts, such that consolidation will result in greater efficiency and preservation of resources for all involved. According to plaintiffs both cases will involve substantially similar pre-trial and trial related motions, expert testimony on common

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-09397-CAS (KSx)** | Date | January 9, 2017 |
|---|---|---|---|
| | CV 15-07102-CAS (KSx) | | |
| Title | RICHARD B. SARAFIAN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |
| | KRISTIN BIORN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

issues of causation and the defectiveness of the Device, and the same corporate documents and witnesses.

Defendants present numerous arguments against consolidation. Defendants argue that a number of courts have denied consolidation motions in medical implant cases; that consolidation will result in juror confusion and prejudice to defendants because plaintiffs have different medical histories; that the differences between each plaintiff will make it difficult to compartmentalize evidence relating to each; that jurors may improperly infer liability from the presence of multiple plaintiffs; and that consolidation would permit the admission of evidence which would otherwise be inadmissible in each case, tried separately.

On balance, plaintiffs have the stronger argument. As is discussed at length in plaintiffs' replies, virtually every case relied upon by defendants involved consolidation of substantially more than two cases or are easily distinguished from the present circumstances.

For instance, defendants argue that the Los Angeles Superior Court recently denied an analogous motion by plaintiff's counsel in a separate group of cases pending in state court against WMT. However, the decision on which defendants rely is easily distinguished from the instant motion. In the state court matter, nine plaintiffs sought to consolidate their cases. See dkt. 91-1 Ex A (Order in re: Wright Hip System Cases, Judicial Council Coordinate Proceeding No. 4710, dated May 23, 2016 ("the Wright Hip System Cases Order")). The nine plaintiffs were implanted with different devices, underwent different surgeries (e.g. one plaintiff received bilateral implants), suffered defects occurring between two and seven years after implantation, and brought different claims (some plaintiffs had lost wage claims and others had loss of consortium claims). Id. In contrast, here, Sarafian and Biorn were both implanted with the same device, had the device implanted in their left hips, suffered injuries when their devices allegedly failed 37 months and 20 months after implantation respectively, and assert the same claims for relief. Accordingly, the Wright Hip System Cases Order has little bearing here. Having reviewed the many cases relied upon by defendants, none appears to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-09397-CAS (KSx)** | Date | January 9, 2017 |
|---|---|---|---|
| | CV 15-07102-CAS (KSx) | | |
| Title | RICHARD B. SARAFIAN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |
| | KRISTIN BIORN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

analogous to the instant matters. See e.g. Adams v. I-Flow Corp., 2010 U.S. Dist. LEXIS 33066, at *20-21 (C.D. Cal. Mar. 30, 2010) (misjoinder regarding "mass action" product liability case brought by 141 plaintiffs who underwent shoulder surgeries by different doctors in 37 states and Canada); Heather v. Medtronic Inc., 2014 U.S. Dist. LEXIS 84658, at *2 (C.D. Cal. June 9, 2014) (severing claims by 31 plaintiffs, from 22 states, who underwent surgeries by different surgeons using a product in different off-label manners); Bowles v. Novartis Pharm. Corp., 2013 WL 663040, at *2 (S.D. Ohio Feb. 25, 2013) (denying a motion to consolidate two pharmaceutical cases brought by two patients treated by different doctors, for different types of cancer, who received prescriptions eight years apart from one another, and received different warnings).

In opposition to the instant motions, defendants assert that the plaintiffs have different characteristics and that, therefore there will be very little factual overlap.[2] According to defendants, the following factual distinctions weigh against consolidation of these cases: Biorn is 67 years old whereas Sarafian is 56 years old; Biorn is 5'6" tall whereas Sarafian is 6'1"; Biorn weighs approximately 149 pounds whereas Sarafian weighs approximately 178 pounds; Biorn underwent three revision surgeries, whereas Sarafian underwent only one. In addition, defendants assert "upon information and belief," that Sarafian, in contrast to Biorn, has a history of alcohol abuse, is a smoker, and has abused prescription pain medications. Opp'n at 12.

With regard to any differences between Sarafian and Biorn's claims and backgrounds, the Court is not persuaded that they will actually preclude substantial factual overlap or that these differences outweigh judicial efficiencies to be gained by

---

[2] Defendants list a number of purported "case-specific differences" in their opposition memorandum. Opp'n at 12. Defendants do not present or cite evidence supporting their contentions in the form of a medical record, declaration, or other items already in the record. However, in reply, plaintiffs do not appear to dispute the factual contentions made by defendants. Instead, plaintiffs argue that said facts are a "red herring" concerning issues that "will be excluded from trial, as they are not relevant to the cases." Reply at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-09397-CAS (KSx)** | Date | January 9, 2017 |
|---|---|---|---|
| | CV 15-07102-CAS (KSx) | | |
| Title | RICHARD B. SARAFIAN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |
| | KRISTIN BIORN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

consolidating the trials. Defendants cite no authority for their contention that a difference in height, weight, and age between the plaintiffs should prevent consolidation. Additionally, setting aside the question of whether and how the Court should weigh statements made in a memorandum without citation to evidence, defendants do not explain why Sarafian's purported background is relevant to the performance of a device implanted into his hip or likely to cause confusion. Accordingly, it does not appear that individualized factual disputes would predominate in a consolidated trial. Instead, it is likely that the parties will each call experts to testify on defect issues common to both cases and rely upon much of the same evidence. Although evidence regarding damages will differ for each plaintiff, courts routinely call upon juries to consider damages separately for different plaintiffs. See e.g. Garcia Decl. Ex. 1, In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig., No. 3:11-md-02244-K (N.D. Tex. Jan. 8, 2016) (consolidating five hip joint product liability cases involving surgeries where the jury would be instructed to consider liability and damages as to each plaintiff separately).

  Finally, defendants argue that certain evidence may be admissible regarding Biorn's claims, but inadmissible as to Sarafian because additional information regarding the Device may have come to light between the time of Biorn's implantation surgery and Sarafian's. According to defendants, "the 'state of the art' in orthopedics and [WMT's] knowledge of product risks and benefits was different in August 2012 than it was in August 2013." Opp'n at 6. However, defendants do not reference any specific evidence that would be inadmissible in regard to Sarafian's claims. Defendants also argue that they may suffer prejudice because the jury might improperly infer liability from the existence of multiple plaintiffs. However, the speculative risks of jury confusion or jury consideration of inadmissible evidence can be mitigated. The Court concludes that preventative measures, such as jury instructions, will be sufficient to prevent any potential prejudice to defendants from a consolidated trial.

  Both actions appear to share common issues of fact and law. If tried separately, many of the same witnesses would likely testify, including experts, defendants' employees, and the surgeon who implanted the Device for both Sarafian and Biorn. The parties are already engaged in coordinated discovery, for which the cases share the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-09397-CAS (KSx)** <br> CV 15-07102-CAS (KSx) | Date | January 9, 2017 |
|---|---|---|---|
| Title | RICHARD B. SARAFIAN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. <br><br> KRISTIN BIORN V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

discovery deadline. Additionally, the Biorn Action and Sarafian Action are currently scheduled for trial on December 5, 2017, and October 3, 2017, respectively. Accordingly, it does not appear that consolidation will require undue delay.

Weighing the risks of confusion, delay, and prejudice against the likely conservation of judicial resources, the Court concludes that these matters should be consolidated for all purposes. Accordingly, the above-captioned motions in both cases are **GRANTED**.

### V. CONCLUSION

Plaintiffs' motions to consolidate are **GRANTED**.

The Court orders the consolidation of Case Nos. 2:15-cv-09397-CAS and 2:15-cv-07102-CAS. All further filings in these cases shall be made under Case No. 2:15-cv-07102-CAS. The Clerk shall administratively close Case No. 2:15-cv-09397-CAS. The parties shall file a joint, proposed scheduling order forthwith.

IT IS SO ORDERED.

|  | 06 |
|---|---|
| Initials of Preparer | IV |